| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>----------------------------------------------------------X<br>JOHN HANNIGAN, for a Judgment under<br>Article 78 of the Civil Practice Law and Rules<br>in the Nature of Prohibition,<br><br>                       Plaintiff,<br><br>        -against-<br><br>FERN FISHER, Deputy Chief Administrative Judge<br>for New York City Courts; JEFFREY SUNSHINE,<br>Justice of the Supreme Court of the State of New<br>York, Kings County; ANNMARIE MCAVOY,<br>RONA GORDON-GALCHUS, as Attorney for<br>the child,<br><br>                       Defendants.<br>----------------------------------------------------------X | NOT FOR PUBLICATION<br><br><br><br>MEMORANDUM AND ORDER<br><br>12-CV-1237 (RRM) |

MAUSKOPF, United States District Judge:

        On March 13, 2012, Annemarie McAvoy (hereinafter "McAvoy") filed a Notice of Removal in two cases originally brought in the Supreme Court of New York, Queens County and the Appellate Division, Second Department. The Court finds that it lacks subject matter jurisdiction over both of the state court actions. Accordingly, for the reasons that follow, the cases are hereby remanded to state court.

## BACKGROUND

        The Notice of Removal cites 28 U.S.C. § 1441, but does not identify the specific basis for removal under the removal statute. Instead, the Notice states: "It is being done based on violations of the Americans with Disabilities Act, the Rehabilitation Act and the Due Process provisions of the United States Constitution. The removal is premised upon the order decision and findings of Judge Rudoph Greco of Queens County Supreme Court issued on February 28,

2012." (Notice of Removal.)[1]  The Notice of Removal includes two cases in the caption, but the state court cases sought to be removed are not clearly identified.  One of them appears to be the ongoing proceeding involving custody of McAvoy's son, C.H.  The Notice of Removal does not include copies of the pleadings in that case as is required by 28 U.S.C. § 1446(a). The other removed action appears to be an Article 78 Proceeding filed by McAvoy's former spouse, John Hannigan (hereinafter "Hannigan"), in the Appellate Division regarding the reassignment of the original custody case to a new judge in a different jurisdiction.  That Petition is attached as an exhibit, but no other proceedings from that action are included. The Notice of Removal attaches voluminous unlabeled exhibits from the two cases, but does not explain the current posture of either proceeding.

---

[1] McAvoy filed two Notices of Removal, both dated March 13, 2012, but containing slightly different language.

In an attached Affidavit in Support of Removal, McAvoy describes the pending custody proceedings involving C.H., her son's medical and psychological history, and the ongoing conflict with Hannigan concerning the extent of C.H.'s disabilities and proposed treatment. McAvoy asserts that C.H. has been diagnosed as autistic and that he requires special evaluations and therapies. She states that the judges assigned to the custody proceedings have failed to consider her son's diagnoses as part of the custody determination. McAvoy appears to argue that the Americans with Disabilities Act provides federal jurisdiction over the actions because "C.H. is entitled, under the ADA and the Rehab Act, to have his diagnosis considered and addressed in court. In addition, he is entitled under the ADA to have treatment for his issues that result from his diagnosis." (Aff. ¶ 6.) She further states that "As someone with issues covered by the ADA, C.H. is entitled to the protections of the federal court." (Aff. ¶ 7.) The Affidavit does not identify the bases for federal jurisdiction over the underlying actions she seeks to remove.

McAvoy asks this Court to enter declaratory judgments that "C.H. is on the autistic spectrum" and that "C.H. is a disabled person under the meaning of the ADA and the Rehab Act." (Aff. ¶ 47.) She further requests injunctive relief in the form of "appropriate testing, evaluation and therapy to address his disabilities." (Id.)

The first exhibit is the Petition filed in In the Matter of the Application of JOHN HANNIGAN v. Fern A. Fisher, et al., an Article 78 Proceeding seeking to reverse Deputy Chief Administrative Judge Fern A. Fisher's summary transfer of the ongoing divorce and custody litigation from the presiding Justice Sydney F. Strauss sitting in Queens County to a new Kings County judge, Justice Jeffrey Sunshine. See first unlabeled Exhibit, Petition, In the Matter of the Application of JOHN HANNIGAN. The Article 78 petition alleges that the summary transfer of the custody proceeding violated Hannigan's rights to due process as guaranteed by the

constitutions of the United States and New York State and violated CPLR § 503(a). The Article 78 proceeding sought to enjoin Kings County Supreme Court Justice Sunshine from presiding over the custody proceeding. McAvoy is named as an additional respondent in that petition. According to McAvoy's Affidavit, the underlying custody dispute has since been removed from Justice Sunshine and returned to a different judge, Justice Rudolph E. Greco in Queens County, the original jurisdiction. McAvoy has not indicated whether the removed Article 78 proceeding remains pending, now that the sought-for relief has already been granted.

The remaining exhibits appear to be documents from the original custody matter. These unlabeled exhibits consist of: a cross-motion filed on August 8, 2006; a transcript of proceedings held on February 28, 2012 before Justice Greco; a transcript of proceedings held on February 10, 2012 before Justice Greco; the February 10, 2012 Short Form Order of Justice Greco denying Hannigan's motion for removal to New Jersey and vacating all prior pending orders of Justice Strauss and Justice Sunshine; the January 31, 2012 Order of Justice Sunshine appointing a neurologist and psychiatrist; letters from treating physicians; biographies and curriculum vita of treating physicians; hospital records from C.H.'s admission on September 18, 2011; a transcript of proceedings held on February 16, 2007 before Justice Strauss; a partial transcript of proceedings held on January 18, 2008 before Justice Strauss; and a partial transcript of proceedings held on January 12, 2012 before Justice Sunshine.

## **DISCUSSION**

Title 28, Sections 1441 - 1453 of the United States Code set forth the criteria and procedures for removing a civil action from state court to federal court. The Notice of Removal must be filed within 30 days after the initial pleading setting forth the claim for relief. 28 U.S.C. § 1446(b). The defendant or defendants seeking removal must also file a notice "containing a

short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).

The statute provides for removal of claims over which the federal courts have "original jurisdiction." 28 U.S.C. § 1441(a). Thus, a claim may only be removed to federal court if it could have been filed in federal court originally. Fax Telecommunicaciones Inc. v. AT&T, 138 F.3d 479, 485 (2d Cir. 1998). "[F]ederal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c).

McAvoy's Notice of Removal fails to meet these requirements. The Notice fails to establish the grounds for removal, does not include copies of the original pleadings of the cases she wishes to remove, and is untimely. The Article 78 Proceeding in which McAvoy is named as an additional respondent was filed on or about December 22, 2011. The underlying custody dispute stems from a decade-old divorce proceeding. Notably, that case was commenced by McAvoy, who now seeks to remove the case from the forum that she initially selected. Although she does attach a cross-motion filed by Hannigan, that pleading was dated August 8, 2006. McAvoy's Notice of Removal is both untimely and incomplete and must be remanded. See Citibank, N.A. v. Swiatkowski, No. 12 CV 196 (JFB), 2012 WL 542681 (E.D.N.Y. Feb. 21, 2012)(remanding as untimely).

Moreover, removal is improper because this court lacks subject matter jurisdiction over these actions. To invoke federal question jurisdiction, the plaintiff's claims must arise "under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The underlying custody dispute does not suggest any federal cause of action and was properly filed in state court initially. Moreover, federal courts cannot exercise jurisdiction over child custody or determination of parental rights. "The domestic relations exception, as articulated by [the Supreme] Court, . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees." Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992). Accordingly, the underlying custody dispute could not have been filed in federal court initially, and it is not removable now.

Nor can McAvoy seek to remove the recent Article 78 Proceeding. "A state court's purported violation of a party's federal due process rights cannot serve as the basis for removing the state court proceeding to federal district court. . . . Federal question jurisdiction is not so easily invoked. Indeed, were such a sufficient basis for federal question jurisdiction, federal courts would be inundated with removal cases by state court defendants who felt that their [federal] rights were not being observed by state court judges." Citibank, N.A. v. Swiatkoski, 395 F. Supp. 2d 5, 9 (E.D.N.Y. 2005) (citing, inter alia, In re Al-Zaghari, No. C 01-1154, 2001 WL 345508, at *1 (N.D.Cal. Mar. 30, 2001) (denying petition for removal of child custody proceeding for lack of federal jurisdiction where petitioners claimed that the state court, in violation of federal due process, barred child visitation without notice or a hearing)).

McAvoy's invocation of the Americans with Disabilities Act and the Rehabilitation Act are unavailing. First, neither provision was raised in the underlying state court proceedings which McAvoy seeks to remove. Moreover, plaintiff has not alleged that she, or her son, were denied access to the courts or otherwise discriminated against on the basis of disability. Even if she had raised valid federal claims in response to the state court proceedings, they would be insufficient to invoke this Court's jurisdiction, where original jurisdiction was lacking.

Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003) (holding that a federal law issue raised by a defendant's defense or counterclaim is not a proper foundation for removal of a case from state to federal court).

As this Court does not have subject matter jurisdiction over the removed actions, the above-captioned actions are hereby remanded to the appropriate state courts.

## **CONCLUSION**

For all of the reasons set forth above, the Court finds that removal of the above-captioned actions is improper. The Clerk of the Court is respectfully directed to remand these cases back to the state courts. The Clerk is further directed to send a certified copy of this Order to the Clerk of the Supreme Court, Kings County, and to the Appellate Division, Second Department, and to close the case in this Court.

SO ORDERED

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
      March 16, 2012

ROSLYNN R. MAUSKOPF
United States District Judge